PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AOR MANAGEMENT COMPANY OF, MISSOURI, LLC, | ) | CASE NO. 4:23CV111 |
| Plaintiff, | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| MAHONING VALLEY HEMATOLOGY-ONCOLOGY ASSOCIATES, INC., | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 6, 11] |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion to Compel Arbitration and Dismiss for Lack of Jurisdiction. *See* ECF No. 6. The parties have fully briefed the motion. ECF Nos. 17, 18. Also pending is Plaintiff's Motion to Dismiss Defendant's Counterclaims. *See* ECF No. 11. The Court, having been duly advised by the parties' filings, oral arguments, and applicable law, grants Defendant's motion to compel and dismiss; and denies Plaintiff's motion to dismiss Counterclaims, as moot.

## I. Introduction

Plaintiff raises one count---breach of contract, in its Complaint. *See* ECF No. 1 at PageID #: 8. This matter arises out of several executed agreements between Plaintiff and Defendant memorializing their relationship in which Defendant agreed to compensate Plaintiff in exchange for Plaintiff providing management, administrative, and business services relating to the daily administration and nonmedical aspects of Defendant. *See* ECF No. 1 at PageID #: 3. The Complaint alleges that Plaintiff filed a statement of claim and demand for arbitration with

the American Arbitration Association ("AAA"), alleging that Defendant breached one of the contracts by refusing to pay Plaintiff the outstanding amounts owed under the executed contracts. *See* id.

Plaintiff filed a demand for arbitration with the AAA pursuant to the terms of the Parties' contracts, and Defendant filed an Answering Statement denying Plaintiff's claims. *See* id. After the close of pleadings with the AAA and before discovery responses or any other activity, the Parties engaged in settlement discussions, seeking to resolve the issues between them without incurring further costs. *See* id. On November 23, 2022, at the request of Plaintiff, counsel for Defendant sent correspondence to Plaintiff's counsel with an initial settlement offer of a payment to Plaintiff. *See* id. On December 1, 2022, counsel for Plaintiff responded to Defendant's settlement offer, rejecting the offer but proposing a counter-offer. *See* ECF No. 1 at PageID #: 4.

On December 13, 2022, Defendant's counsel wrote to counsel for Plaintiff and indicated that Defendant accepted. *See* ECF No. 1 at PageID #: 5. Subsequently, Defendant inquired about a draft of the settlement agreement for review. *See* id. Plaintiff alleges that Defendant never indicated it was expecting payment from Plaintiff or any offset to the Settlement Payment to be made to Plaintiff, during the settlement discussions. *See* id.

On December 22, 2022, counsel for Plaintiff sent Defendant's counsel a draft settlement agreement for Defendant's review, memorializing the terms Plaintiff understood the Parties had agreed on and as reflected in Defendant's email of December 13 (the "Settlement Agreement"). *See* ECF No. 1 at PageID #: 6. Defendant's counsel responded with a revised settlement agreement containing a single change to the Settlement Agreement. *See* id. Counsel for Plaintiff responded that the change was material because the settlement terms that the Parties expressly agreed to did not contain the Retainage Payment to Defendant. *See* ECF No. 1 at

PageID #: 6-7. Plaintiff asserts that the Retainage Payment to Defendant was neither mentioned during the Parties' settlement discussions nor was it included in the terms upon which the Parties mutually agreed. *See id.* Defendant's counsel responded that Defendant would not move forward with the agreed-upon terms. *See id.*

## II. Discussion

### A. Validity and Scope of the Agreement

Federal law requires that courts "rigorously enforce agreements to arbitrate." *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). "The Federal Arbitration Act ("FAA") provides that 'a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration' may seek an order compelling arbitration from any district court 'which, save for such agreement, would have jurisdiction under Title 28 ... of the subject matter of a suit arising out of the controversy between the parties.'" *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758, 764 (N.D. Ohio 2009) (quoting 9 U.S.C. § 4). The Court must analyze the following when considering a motion to stay proceedings and compel arbitration:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be [non-arbitrable]; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*McGee v. Armstrong*, 941 F.3d 859, 865 (6th Cir. 2019) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)).

Plaintiff concedes that neither the third nor fourth factors of the analysis are applicable to this case. *See* ECF No. 17 at PageID #: 213. Accordingly, the Court will determine whether the parties agreed to arbitrate, and, if an arbitration provision exists, the scope of that agreement.

"In determining whether the parties formed a valid arbitration agreement, 'state law may be applied if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally, although the FAA preempts state laws applicable to only arbitration provisions.'" *Price v. Taylor*, 575 F. Supp. 2d 845, 851 (N.D. Ohio 2008) (quoting *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). There is no dispute that the parties agreed to arbitrate. "[T]he parties entered into a certain Master Transaction Agreement (the "MTA") and an Amended & Restated Comprehensive Services Agreement (the "Amended CSA"). Both agreements contain arbitration provisions. ECF No. 6-1 at PageID #: 76. Nevertheless, Plaintiff asserts that the underlying issue for this pending motion is Defendant's breach of the Settlement Agreement. *See* ECF No. 17 at PageID #: 210; ECF No. 13-6 at PageID #: 153-158. Plaintiff also argues that "the settlement agreement and enforcement of same is not subject to arbitration." ECF No. 1 at PageID #: 2.

"In determining whether claims are within the arbitration agreement's scope, the strong federal policy for arbitration demands that 'any ambiguities or doubts as to the parties' intentions ... be resolved in favor of arbitration.'" *Price v. Taylor*, 575 F. Supp. 2d 845, 851 (N.D. Ohio 2008) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Section 8.6 of the Amended CSA states the following:

> The parties shall use good faith negotiation to resolve any controversy, dispute or disagreement arising out of or relating to this Agreement or the breach of this Agreement. Any matter not resolved by negotiation shall be submitted to binding arbitration pursuant to the procedures set forth in Article IV of the Master Transaction Agreement.

ECF No. 6-2 at PageID #: 84. Plaintiff's position that the parties "*only* agreed to arbitrate disputes arising out of the Amended CSA, [and] not the Settlement Agreement" is not well taken. ECF No. 17 at PageID #: 213 (emphasis added). While Plaintiff is correct in stating that the Settlement Agreement does not contain an arbitration provision, this does not narrow the scope of the originally agreed arbitration provisions which pertains to disputes or disagreements arising out of *or relating to* the Amended CSA. *See* ECF No. 6-2 at PageID #: 84. Plaintiff provides no evidence to support the assertion that the Settlement Agreement does not relate to the Amended CSA. In fact, the Settlement Agreement explicitly references the Amended CSA, indicating that the Settlement Agreement would waive and release claims under the Amended CSA and all other agreements. *See* ECF No. 13-6 at PageID #: 153-154. For these reasons, the Court grants Defendant's Motion to Compel Arbitration.

**B. Dismissal**

Defendant asserts that, should the Court compel Plaintiff to submit the breach of contract claim to arbitration, the case should be dismissed in its entirety because the Court lacks subject matter jurisdiction. *See* ECF No. 6-1 at PageID #: 75. The FAA "instructs that 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration,' the [C]ourt 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'" *Hilton v. Midland Funding, LLC*, 687 Fed.Appx. 515, 518 (6th Cir. 2017) (quoting 9 U.S.C. § 3). "[W]here 'all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.'" *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938,

943 (6th Cir. 2021) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

Plaintiff's claim of breach of contract alleged in the Complaint against Defendant is subject to binding arbitration. Accordingly, the Court's retention of jurisdiction during the pendency of arbitration would serve no purpose, and dismissal is the appropriate remedy. *See Milan Exp. Co. v. Applied Underwriters Captive Risk Assur. Co.*, 590 F. App'x 482, 486 (6th Cir. 2014). Therefore, the Court grants Defendant's Motion to Dismiss.

**III. Conclusion**

For the reasons above, Defendant's Motion to Compel Arbitration and Dismiss for Lack of Jurisdiction (ECF No. 6) is granted. Accordingly, Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 11) is denied as moot.

IT IS SO ORDERED.

June 29, 2023
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge